UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARGOTH MENDOZA, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITIMORTGAGE, INC. and DOES 1 to 50, ) <br> ) <br> Defendants. ) <br> ) <br> ) | Case No.: 10-CV-03550-LHK <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE |

Originally filed in the Superior Court of California on July 15, 2010, Defendant CitiMortgage, Inc. removed the instant action to the United States District Court for the Northern District of California on August 12, 2010. Dkt. No. 1. On August 19, 2010, CitiMortgage moved to dismiss Plaintiff Margoth Mendoza's complaint and moved to strike portions of Mendoza's complaint. Dkt. Nos. 5 ("Mot. to Dismiss"), 6 ("Mot. to Strike"). CitiMortgage originally noticed these motions before Judge Trumbull. After the instant case was reassigned to the undersigned judge on October 7, 2010, CitiMortgage renoticed its motions. Dkt. Nos. 13, 14. In violation of Civil Local Rule 7-3, Mendoza has neither opposed nor filed a statement of non-opposition to CitiMortgage's motions. Pursuant to Civil Local Rule 7-1(b), the Court deems CitiMortgage's motions suitable for disposition without oral argument. After considering CitiMortgage's submissions and the relevant legal authorities, the Court hereby GRANTS CitiMortgage's motion

to dismiss, with leave to amend in part and with prejudice in part, and DENIES CitiMortgage's motion to strike as moot.

## I. BACKGROUND

### A. Factual Allegations

Mendoza's complaint alleges that CitiMortgage and other unnamed Defendants (collectively "Defendants") engaged in fraudulent real estate loan practices in order to increase their loan origination volume. *See* Dkt. No. 1, Ex. A ("Compl."). According to Mendoza, Defendants purposefully relaxed their underwriting guidelines and sold a risky loan product to Mendoza because they could resell Mendoza's mortgage on the secondary market. *Id.* ¶¶ 12-19. Mendoza further claims that Defendants failed to clearly and conspicuously disclose certain key provisions related to Mendoza's mortgage and provided undisclosed financial incentives to the agents and loan officers selling their products. *Id.* ¶ 13. In addition to these allegations, Mendoza also claims that Defendants' loans were structurally unfair, that Defendants did not meaningfully consider whether Mendoza could afford the loans sold to her, and that Defendants incentivized brokers to sell risky loan products. *Id.* ¶¶ 22-35.

Based on these allegations, Mendoza asserts six claims for relief: (1) violation of the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE § 17200 *et seq.*; (2) violation of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601; (3) violation of the Truth in Lending Act ("TILA"), 12 C.F.R. § 226; (4) fraud; (5) fraud in the inducement; and (6) unfair business practices. *Id.* ¶¶ 37-61. Mendoza seeks injunctive relief, damages, rescission, and reasonable attorneys' fees.

### B. Procedural History

After CitiMortgage renoticed its motions before this Court, the Court set the motions for a hearing to be held on January 27, 2011. Dkt. No. 15. Under Civil Local Rule 7-3, Mendoza had until January 6, 2011 to file either an opposition to CitiMortgage's motions or a statement of non-opposition. When Mendoza failed to do either, CitiMortgage requested that this Court grant its unopposed motions. Dkt. Nos. 16, 17. On January 21, 2011, the Court vacated the January 27, 2011 hearing and stated that it would issue a written order. Dkt. No. 18.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949) (internal quotation marks omitted). When the facts alleged do not nudge a plaintiff's claim "across the line from conceivable to plausible," the court should dismiss the complaint. *See Twombly*, 550 U.S. at 570, 127 S. Ct. 1955. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950 (citation omitted).

Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). A plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). To satisfy this standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985). Accordingly, claims sounding in fraud must allege "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).

Even if a complaint fails to state a claim on which relief can be granted, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (citations and quotations omitted); *see also Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1990).

## III. ANALYSIS

### A. Request for Judicial Notice

CitiMortgage requests that this Court take judicial notice of ten documents pursuant to Rule 201 of the Federal Rules of Evidence. Dkt. No. 7 ("RJN"). These documents are: (1) the Grant Deed recorded October 22, 2002 as document number 16552303 in the official records of Santa Clara County, California (RJN, Ex. A); (2) the Deed of Trust recorded October 22, 2002 as document number 16552304 in the official records of Santa Clara County, California (RJN, Ex. B); (3) the Deed of Trust recorded January 17, 2003 as document number 16757085 in the official records of Santa Clara County, California (RJN, Ex. C); (4) the Deed of Trust recorded October 23, 2003 as document number 17434103 in the official records of Santa Clara County, California (RJN, Ex. D); (5) the California Open End Deed of Trust recorded March 2, 2004 as document number 17639477 in the official records of Santa Clara County, California (RJN, Ex. E); (6) the California Open End Deed of Trust recorded October 4, 2004 as document number 18031150 in the official records of Santa Clara County, California (RJN, Ex. F); (7) the Deed of Trust recorded December 27, 2004 as document number 18162372 in the official records of Santa Clara County, California (RJN, Ex. G); (8) the Assignment of Deed of Trust recorded December 14, 2009 as document number 20538393 in the official records of Santa Clara County, California (RJN, Ex. H); (9) Notice of Default recorded September 17, 2009 as document number 20435976 in the official records of Santa Clara County, California (RJN, Ex. I); and (10) the Notice of Trustee's Sale recorded January 20, 2010 as document number 20581092 in the official records of Santa Clara County, California (RJN, Ex. J).

Although a court generally only considers the allegations contained in a plaintiff's complaint when ruling on a motion to dismiss, "a district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 & n. 4 (9th Cir.1998), *superseded by statute on other grounds as stated in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006). This same rule applies to documents that are crucial to the plaintiff's claims but are not incorporated in the complaint. *See id.* at 706. In addition, "[a] court

4

Case No.: 10-CV-03550-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE

may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)).

Mendoza's entire complaint is based on an alleged real estate mortgage loan that Defendants used fraudulent means to sell her. Even though Mendoza does not provide any details as to when she received this loan, she identifies the subject property as 940 Sweetbriar Drive, Campbell, CA 95008 ("the Subject Property"). *See* Compl. ¶ 1. All ten of the documents relate to the Subject Property. Many show that Mendoza has in fact secured loans using the Subject Property. No party has questioned the authenticity of the documents. Thus, the Court may consider these documents in ruling on CitiMortgage's motions.

Furthermore, all ten documents are public records and are proper subjects for judicial notice. The first seven documents are judicially noticeable as copies of various forms of certified deeds. *Hotel Employees and Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005) ("Unimpeached and certified copies of deeds have been widely held proper subjects of judicial notice."); *see also Western Federal Sav. & Loan Ass'n v. Heflin Corp.*, 797 F.Supp. 790, 792 (N.D.Cal. 1992) (taking judicial notice of deeds of trust contained in the public records of the Santa Clara County Recorder). The last three documents are an assignment of deed of trust, a notice of default, and a notice of trustee's sale. These are also commonly considered public records subject to judicial notice. *See Grant v. Aurora Loan Servs., Inc.*, No. CV 09-08174, 2010 WL 3517399, at *3 (C.D. Cal. Sept. 10, 2010) (citing numerous cases where the court took judicial notice of assignments of deeds of trust, notices of default, and notices of trustee's sale).

Therefore, the Court takes judicial notice of all ten documents attached to CitiMortgage's request for judicial notice and will consider these documents in ruling on CitiMortgage's motions.

**B. Motion to Dismiss**

CitiMortgage's central argument is that Mendoza's complaint must be dismissed with prejudice because it fails to give CitiMortgage proper notice of the basis of Mendoza's claims. Mot. to Dismiss 1. CitiMortgage's argument is based on the vague and generalized nature of Mendoza's allegations. Beyond identifying the Subject Property by address and naming

5

CitiMortgage as a defendant, the complaint contains no specific allegations against CitiMortgage. Most of the complaint is filled with general allegations against the mortgage industry as a whole. Although Mendoza does claim that CitiMortgage and other unnamed Defendants failed to comply with federal and state law in selling her a mortgage loan, she does not identify any loans that she has received nor does she specify any dates on which the alleged activity occurred.

Other than the address of the Subject Property, all of the specifics available to the Court come from the documents submitted by CitiMortgage. According to these documents, Mendoza has obtained a number of different loans since purchasing the Subject Property. *See* RJN, Exs. B, C, D, E, F. Mendoza received one of these loans, in the amount of $635,000, from MetroCiti Mortgage, LLC on or around October 17, 2003 ("MetroCiti Loan"). RJN, Ex. D. On or around September 3, 2009, MetroCiti assigned the MetroCiti Loan to CitiMortgage. RJN, Ex. H. A notice of default on the MetroCiti Loan was recorded on September 17, 2009, RJN, Ex. I, and on January 20, 2010, a Notice of Trustee's Sale was recorded, RJN, Ex. J. Thus, it would appear that CitiMortgage has never sold a loan to Mendoza and that CitiMortgage is named only because it is the current owner of a loan on which Mendoza has defaulted.

Despite the formulaic character of Mendoza's complaint and CitiMortgage's limited connection to any real estate loan transactions involving the Subject Property, the Court deems it prudent to consider each of Mendoza's claims individually.

### 1. California Business and Professions Code § 17200

CitiMortgage argues that Mendoza's UCL claim is time-barred by the relevant statute of limitations. Mot. to Dismiss 5.[1] Under California law, the statute of limitations for an action for unfair business practices is four years. CAL. BUS. & PROF. CODE § 17208. Ordinarily, a UCL cause of action accrues at the time when the wrongful act was done and liability arises. *Salenga v. Mitsubishi Motors Credit of Am., Inc.*, 183 Cal. App. 4th 986, 996, 107 Cal. Rptr. 3d 836 (2010). Here, Mendoza claims that Defendants violated the UCL by making untrue or misleading statements to induce her to enter a real estate mortgage loan. Compl. ¶ 38. Mendoza entered into

---

[1] According to the table of contents of CitiMortgage's motion to dismiss, CitiMortgage's arguments relating to Mendoza's UCL claim begin on page 4. The motion, however, has no page numbered "4." Instead, the motion has two identical pages that are each numbered "3."

the MetroCiti Loan, the loan currently owned by CitiMortgage, in 2003. RJN, Ex, D. This is almost seven years before Mendoza filed this action. Even if Mendoza based her UCL claim on the loan she obtained in 2004, RJN, Ex. G, her UCL claim would still not be timely. Because Mendoza does not allege facts suggesting that equitable tolling or some form of delayed accrual should apply, her UCL claim is time-barred.

Mendoza's UCL claim also fails because she does not plead sufficient facts to put CitiMortgage on notice as to the basis of her claim. According to Mendoza's complaint, CitiMortgage made untrue statements to Mendoza in connection with a real estate mortgage loan. Compl. ¶ 38. Mendoza, however, does not identify any real estate loan, either by date or amount. Furthermore, Mendoza does not describe any specific content of any statement made by CitiMortgage to her.[2]

Accordingly, Mendoza's UCL claim is dismissed with leave to amend. However, if any amended complaint does not remedy the above deficiencies, this claim may be dismissed with prejudice.

### 2. RESPA

Mendoza's second cause of action alleges violations of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601 *et seq.* Mendoza does not specify any particular provisions of RESPA that Defendant allegedly violated, but she states that Defendant violated RESPA through certain statements related to the loan terms, payment obligations and prepayment penalties. Compl. ¶ 42. Although RESPA sets forth certain disclosure and notice requirements related to the servicing of loans and escrow accounts, *see* 12 U.S.C. § 2605, it does not govern disclosures regarding loan terms or prepayment penalties. Thus, any statements made regarding loan terms, loan payment obligations, or prepayment penalties do not establish a RESPA violation.

In addition, to the extent that Mendoza attempts to allege a violation of 12 U.S.C. § 2607, which prohibits giving or receiving fees, kickbacks, or things of value in exchange for referrals of

---

[2] The Court also notes that, according to the documents submitted by CitiMortgage, CitiMortgage did not originate any loans purchased by Mendoza. Thus, CitiMortgage likely made no statements to Mendoza in connection with her purchase of a real estate mortgage loan.

7
Case No.: 10-CV-03550-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE

loan-related business, Mendoza is time-barred by the one-year statute of limitations for such claims. 12 U.S.C. § 2614. Mendoza's allegations all relate to statements made at the time of loan origination. The only loan with which CitiMortgage has any connection, the MetroCiti Loan, was originated in October 2003. RJN, Ex. D. Mendoza did not bring her claim until almost seven years later, and she pleads no facts that suggest a basis for equitable tolling. Her claim is thus time-barred. Nevertheless, the Ninth Circuit disfavors dismissal when equitable tolling is at issue. Accordingly, Mendoza's RESPA claim is dismissed with leave to amend. However, if any amended complaint does not remedy the above deficiencies, this claim may be dismissed with prejudice.

### 3. TILA

Plaintiff's third cause of action asserts violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and its implementing regulation, 12 C.F.R. § 226. Like her RESPA claim, Mendoza's TILA claim rests on conclusory allegations and fails to identify any specific statutory or regulatory provisions allegedly violated by CitiMortgage. Mendoza specifies only that CitiMortgage failed to examine her repayment ability and failed to disclose details such as "the eventually reset interest rate, specific loan terms, and the total dollar amount the loan will cost over time." Compl. ¶ 45. These vague allegations do not provide CitiMortgage fair notice of the claims asserted against it, and do not provide a factual basis sufficient to allow the Court to draw the reasonable inference that the defendant is liable for TILA violations. *See Iqbal*, 129 S. Ct. at 1949. In addition, to the extent that Mendoza is basing her TILA claim on the MetroCiti Loan, CitiMortgage is not the originator of that loan.

Moreover, it appears that any claim for damages would be barred by the one-year statute of limitations, 15 U.S.C. § 1640(e), and any claim seeking rescission would be barred by the three-year statute of repose, 15 U.S.C. § 1635(f). Although equitable tolling may apply to TILA claims for damages, *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986), Mendoza has not alleged facts suggesting that equitable tolling should apply in this case. Although equitable tolling may apply to TILA damages claims, equitable tolling does not apply to TILA rescission claims. *See Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164-65 (9th Cir. 2002) (stating that 15 U.S.C. § 1635(f)

imposes an absolute limitation on rescission actions and deprives federal courts of jurisdiction to consider rescission claims brought outside the three-year limitation period). Mendoza's TILA rescission claim is time-barred because not equitable tolling applies.

Accordingly, Mendoza's TILA claim for damages is dismissed with leave to amend, and her TILA claim for rescission is dismissed with prejudice. However, if any amended complaint does not remedy the above deficiencies, this claim may be dismissed with prejudice.

### 4. Fraud

Mendoza's claim for fraud is subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 796 (9th Cir. 1996). Accordingly, Mendoza's allegations must include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz*, 476 F.3d at 764. Mendoza's complaint, however, contains only vague averments that CitiMortgage made false statements relating to the terms and conditions of an unspecified real estate mortgage loan. Compl. ¶¶ 48-52. Mendoza does not name any individuals who made statements. Mendoza does not provide any dates on which CitiMortgage or its agents made representations to her. Finally, Mendoza does not describe the content of any misrepresentations. Therefore, Mendoza's fraud claim is dismissed with leave to amend. However, if any amended complaint does not remedy the above deficiencies, this claim may be dismissed with prejudice.

### 5. Fraud in the Inducement

Mendoza alleges that CitiMortgage made a series of fraudulent promises to induce her into a real estate mortgage loan. Compl. ¶ 54. Mendoza, however, does not specify any particular real estate mortgage loan that CitiMortgage fraudulently induced her to accept. Thus, Mendoza fails to provide CitiMortgage fair notice of the claims asserted against it. Moreover, Mendoza's allegations fail to satisfy the heightened pleading standard of Rule 9(b). Therefore, Mendoza's fraud in the inducement claim is dismissed with leave to amend. However, if any amended complaint does not remedy the above deficiencies, this claim may be dismissed with prejudice.

///

### 6. Unfair Business Practices

Mendoza alleges in her sixth claim for relief that CitiMortgage engaged in unfair business practices in order to profit from Mendoza's loss. Compl. ¶ 59. Although Mendoza does not specify any statutory basis for her claim, it would seem logically based on the same statute that provides the basis for Mendoza's first claim for relief: California Business and Professions Code § 17200. Section 17200 "prohibits [business] practices that are either 'unfair,' or 'unlawful,' or 'fraudulent.'" *Pastoria v. Nationwide Ins.*, 112 Cal. App. 4th 1490, 1496, 6 Cal. Rptr. 3d 148 (2003). Thus, based on the allegations in the complaint, Mendoza's sixth cause of action is duplicative of her first cause of action. Even if the Court considers the allegations made in Mendoza's first and sixth claims for relief collectively, Mendoza's UCL claim still fails to allege sufficient facts to state a plausible claim against CitiMortgage. Therefore, Mendoza's sixth claim for relief is dismissed without leave to amend. Mendoza may, however, still amend her UCL claim as stated above.

### C. Motion to Strike

As the Court has dismissed Mendoza's complaint, the Court need not reach CitiMortgage's motion to strike and denies the motion as moot.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS CitiMortgage's motion to dismiss, with leave to amend in part and with prejudice in part, and DENIES CitiMortgage's motion to strike as moot. Mendoza's UCL, RESPA, TILA damages, fraud, and fraud in the inducement claims are dismissed with leave to amend. Mendoza's TILA rescission claim and her sixth cause of action are dismissed with prejudice. If any amended complaint does not remedy the deficiencies explained in this Order, Mendoza's complaint may be dismissed with prejudice.

///
///
///
///
///

Plaintiff shall file an amended complaint, if any, within 30 days of the date of this Order to cure the deficiencies discussed herein. Plaintiff may not add new causes of action or parties without leave of Court or by stipulation of the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: February 18, 2011



LUCY H. KOH
United States District Judge